IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Alexandra Amato, et al.          *

        Plaintiffs,

    v.          *     CIVIL NO. WDQ-12-02410

SNAP Telecommunications, Inc.,*
et al.
                  *
        Defendants
                  *

*   *   *   *   *   *   *   *   *   *   *   *   *

## REPORT AND RECOMMENDATION

This matter comes before the Court upon motion by the plaintiffs for an entry of default judgment against SNAP Telecommunications, Inc. ("SNAP") and Tom Kielty pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for failure to appear or otherwise defend in this matter. (ECF No. 8). Plaintiffs are Alexandra Amato ("Amato"), Darick Finke ("Finke"), Sherri Fleishell ("Fleishell"), Tanisha James ("James"), Rebecca Boswell ("Boswell"), Donna Matz ("Matz"), Sarah J. McQuaid ("McQuaid"), Megan Moore ("M. Moore"), Shanna Moore ("S. Moore"), Felicia Munford ("Munford"), Carola Hatfield("Hatfield") (together, "the Maryland plaintiffs"), and Brian Reddy ("Reddy" or "the New York plaintiff") (collectively, "plaintiffs"). (ECF No. 3, ¶¶ 17-29).

On September 19, 2012, plaintiffs filed an Amended Complaint seeking to recover unpaid wages and damages under the

1

Maryland Wage Payment and Collection Law; the Maryland Wage and

Hour Law; the Federal Fair Labor Standards Act; the New York

Wage Payment Statute; the New York Minimum Wage Statute; a

negligent misrepresentation theory; and a quantum merit theory.[1]

(ECF No. 3).

For the reasons discussed herein, I recommend that

plaintiff's motion (ECF No. 8) be GRANTED and that damages be

awarded as set forth herein.

## I.    Default Judgment Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to

enter a default judgment against a properly served defendant who

fails to file a timely responsive pleading.  Fed. R. Civ. P.

55(b)(2).

In deciding whether to grant a motion for default judgment,

the Court must first consider the following three factors: (1)

whether the plaintiff will be prejudiced if default is not

granted, (2) whether the defendant has a meritorious defense,

and (3) whether the defendant's delay was the result of culpable

misconduct.  Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d

Cir. 1987), see also Smith v. Bounds, 813 F.2d 1299, 1303 (4th

Cir. 1987) (relying on these factors in determining whether a

---

[1] Plaintiffs' Quantum Merit Count was pled in the alternative to their MWPCL and NYMWS counts.  (ECF No. 3, ¶ 86).  As the Court has granted this motion as to plaintiffs' MWPCL and NYMWS allegations, it need not consider the Quantum Merit Count.

default judgment merited reconsideration).

The Court must also determine whether plaintiffs have alleged legitimate causes of action. In reviewing plaintiffs' Motion for Entry of a Default Judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the Court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id.; see also 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2688 (3rd ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the Court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the Court determines that liability is established, it must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. Unlike allegations of fact establishing liability, the Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. See Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the Court may conduct an evidentiary hearing. FED. R. CIV. P. 55(b)(2). The Court may also make a determination of damages without a hearing as long as there is

3

an adequate evidentiary basis in the record for the award.  <u>See,</u>
<u>e.g.</u>, <u>Stephenson v. El-Batrawi</u>, 524 F.3d 907, 917 n.11 (8th Cir.
2008) ("Foregoing an evidentiary hearing may constitute an abuse
of discretion when the existing record is insufficient to make
the necessary findings in support of a default judgment.");
<u>Adkins v. Teseo</u>, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (finding
that a court need not make determination of damages following
entry of default through hearing, but rather may rely on
detailed affidavits or documentary evidence to determine the
appropriate sum).

## II.  <u>Preliminary Factors</u>

The Clerk of court having filed entry of default on October
15, 2012 (ECF No. 7), the undersigned concludes that the
procedural requirements for entry of default judgment have been
met.  Moreover, because defendant has failed to file any
responsive pleadings or otherwise show cause as to why default
should not be granted, the Court is "not in a position to judge
whether any delay was the result of culpable misconduct."
<u>Sambrick</u>, 834 F.2d at 73.  Further, defendant's failure to
appear deprived the plaintiffs of any other means of vindicating
their claim, and plaintiff would be prejudiced if default is not
granted.

## III. Discussion

### A. Federal Labor Standards Act

In Count IV of their complaint, plaintiffs assert a claim under the Federal Labor Standards Act ("FLSA"). The FLSA requires that "[e]very employer shall pay to each of his employees . . . engaged in commerce or in the production of goods for commerce," an hourly wage at least equal to $7.25, the current Federal Minimum Wage. 29 U.S.C. § 206(a).

Plaintiffs allege that defendants violated the FLSA because they did not "pay Plaintiffs any wages at all" for various periods of time. (ECF No. 3, ¶ 57). As such, they allege that defendants "have failed and refused to compensate Plaintiffs properly at a rate at least equal to the Federal Minimum Wage." (Id. at ¶ 59). They state that defendants were "employers" and plaintiffs "employees" for the purposes of FLSA. (Id. at ¶¶ 13-14). They further allege that defendants "were engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA. (Id. at ¶ 11).

Taking these uncontested allegations as true, the Court finds that plaintiffs have properly stated a claim under the FLSA.

### B. The Maryland Wage Payment and Collection Law

In Count I of their complaint, plaintiffs allege a violation

of the Maryland Wage Payment and Collection Law ("MWPCL").
Under the MWPCL, an employer must pay an employee all wages due
for work the employee performed before the termination of
employment. MD. CODE ANN., LABOR AND EMPLOYMENT, § 3-507.2 ("L.E.");
9 M.L.E. EMPLOYMENT, WORK, AND LABOR RELATIONS § 31. The primary
purpose of the Act is "to provide a vehicle for employees to
collect, and an incentive for employers to pay, back wages."
Medex v. McCabe, 372 Md. 28, 39, 811 A.2d 297, 304 (Md. 2002);
Horlick v. Capital Women's Care, LLC, 896 F. Supp. 2d 378, 387
(D. Md. 2011).

Under the Wage Act, an unpaid employee may bring an action for
unpaid wages two weeks following the date their wages were due.
L.E. § 3-507.2; Horlick, 896 F. Supp. at 387; Baltimore Harbor
Charters, Ltd. v. Ayd, 365 Md. 366, 382-83, 780 A.2d 303, 312-13
(Md. 2001). "Wage" in this context is defined as all
compensation that is due to an employee for employment. L.E. §
3-501(c)(1). An "employer" is "any person who employs an
individual in the State or a successor of the person." L.E. §
3-501(b). If an employer is found liable for wages, they may be
liable for statutory treble damages if there is no bona fide
dispute about the payment. L.E. § 3-507.2(b).

This claim is related to plaintiff's FLSA claim: while FLSA
prescribes exactly what kind of wages must be paid, the MWPCL
simply requires that an employer must pay all wages due its

employees.  See Hornby v. State, 559 N.W.2d 23, 26 (Iowa 1997).  Plaintiff here relies on FLSA to ensure entitlement to wages up to the Federal Minimum Wage, and relies on state statutes for all wages above and beyond this amount.

Courts in the Fourth Circuit have found that the FLSA has a narrow pre-emptive effect, such that it preempts state laws to the extent that they are less generous than FLSA.  See, e.g., Hardesty v. Logan Reg'l Med. Ctr., No. 2:05-0437, 2006 U.S. Dist. LEXIS 22220, at *8 (S.D. W. Va. April 21, 2006); Inkrote v. Prot. Strategies, Inc., No. 3:09-CV-51, 2009 U.S. Dist. LEXIS 101070 (N.D. W. Va. Oct. 13, 2009).  One court has found that if a plaintiff contends only that a state law entitles them to FLSA overtime and minimum wage and nothing more, these state law remedies cannot stand simultaneously with FLSA claims.  Scruggs v. Skylink Ltd., No. 3:10-0789, 2011 U.S. Dist. LEXIS 138759 at *31 (S.D. W. Va. Dec. 2, 2011)("Where a state effectively substitutes its remedies for those provided by the FLSA, those remedies cannot stand simultaneously with FLSA claims.").  Here, however, plaintiff claims that state law entitles them to wages above and beyond FLSA's minimum wage requirement.  As such, for purposes of this default judgment, both claims may stand.

In their complaint, Maryland plaintiffs allege that defendant has "failed and refused to pay all Plaintiffs any wages" for various time periods.  (ECF No. 3, ¶ 30).  They allege that they

performed all job duties and obligations during these time periods, and claim that the failure to pay wages was "willful and intentional . . . [and] not the result of any bona fide dispute between . . . plaintiffs and defendants." (<u>Id.</u> at ¶ 43).  They note that these payments qualify as wages under Maryland Wage Payment and Collection Law, and defendants qualify as employers.  (<u>Id.</u> at 39).  Accepting these factual allegations as true, the Court finds that Maryland plaintiffs' have asserted a valid cause of action under the MWPCL.

### C. Maryland Wage and Hour Law

In Count IV, plaintiffs allege a violation of the Maryland Wage and Hour Law, which entitled plaintiffs to a minimum wage of $7.25 an hour.  As noted <u>supra</u>, state law remedies for minimum wage claims cannot stand alongside FLSA claims. <u>Scruggs</u>, 2011 U.S. Dist. LEXIS 138759 at *31.  For this reason, and because Maryland plaintiffs' claims have already been resolved under the FLSA and MWPCL, the Court denies default judgment as to Count IV.

### D. Violation of the New York Wage Payment Statute

In Count V of the complaint, New York plaintiff alleges a violation of the New York Wage and Payment Statute ("NYWPS").  Similar to its Maryland equivalent, the statute allows employees to recover unpaid wages.  N.Y. Lab. Law §

191; Flannigan v. Vulcan Power Group, L.L.C., 712 F. Supp.
2d 63, 68 (S.D.N.Y. 2010)("New York Labor Law § 191(c)
creates a private right of action against an employer who
fails to pay wages to an employee."); see also AHA Sales,
Inc. v. Creative Bath Prods., Inc., 58 A.D.3d 6, 16 (N.Y.
App. Div. 2d Dep't 2008).

The statute distinguishes between independent contractors, who
are protected by §§ 191-a through 191-c, and wage-earning
employees, including manual workers, railroad workers,
commission salespersons, and clerical and "other worker[s]," who
are covered by § 191(1)(a-d).  Derven v. PH Consulting, Inc.,
427 F. Supp. 2d 360, 369 (S.D.N.Y. 2006).  The statute allows
for double damages, but only for independent contractors.
Deluca v. AccessIT Group, Inc., 695 F. Supp. 2d 54, 61 (S.D.N.Y.
2010).  Employees are not entitled to double damages.  Id.;
Derven 427 F. Supp. 2d at 369.

Like the Maryland plaintiffs, the New York plaintiff has
properly alleged he fully performed all job duties and
obligations.  (ECF No. 3, ¶ 70).  He further alleges that the
compensation at issue is "wages" under the law, and plaintiff is
an "employee" and defendants an "employer" for purposes of the
law.  (Id. at ¶¶ 70-75).  Finally, he alleges that defendant
"have failed and refused to pay all wages due and owing."  (Id.
at ¶ 72).

The New York plaintiff has not, however, alleged that he is an independent contractor, instead characterizing himself, like other plaintiffs, as an "hourly employee." (ECF No. 3, ¶ 28). He is therefore not entitled to double damages. As such, the Court finds that New York plaintiff has alleged a valid cause of action under the NYWPS, although not for double damages.

### E. New York Minimum Wage Law

The Court denies default judgment on this claim, found in Count VI of plaintiffs' complaint, for the same reasons discussed in Section C, <u>supra</u>.

### F. Negligent Misrepresentation

Plaintiffs raised a claim for misrepresentation in Count II of their complaint. (ECF No. 3, ¶ 52). In Maryland, the elements of a negligent misrepresentation claim are as follows:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;
> (2) the defendant intends that his statement will be acted upon by the plaintiff;
> (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;
> (4) the plaintiff, justifiably, takes action in reliance on the statement; and
> (5) the plaintiff suffers damage proximately caused by the defendant's negligence."

<u>Martens Chevrolet, Inc. v. Seney</u>, 292 Md. 328, 337, 439

A.2d 534, 539 (Md. 1982).

Plaintiffs allege that defendants (1) owed a duty of care to plaintiffs and falsely stated that plaintiff would receive all promised compensation; (2) these statements were "intended to induce plaintiffs to enter into and/or remain in Defendants' employ;" (3) plaintiffs justifiably relied on these statements; and (4) were injured as a result. (ECF No. 3, ¶¶ 45-52). As such, and taking these unchallenged allegations as true, the Court finds that plaintiffs have properly stated a claim for negligent misrepresentation.

## IV.  Damages

Plaintiffs seek recovery of their unpaid wages, multiplied by the statutory damage factors in the MWPCL (for the Maryland plaintiffs) and the NYWPS (for the New York plaintiff).

The undersigned has reviewed the plaintiffs' affidavits and supporting documentation and held a telephone hearing with plaintiffs on April 3, 2013 to review the information. At the Court's request, plaintiffs provided additional supporting documentation. (ECF Nos. 11; 18; 20). In support of their damage calculations, plaintiffs have submitted affidavits declaring the unpaid wages owed to them. They have also provided explanations of how their hours and wage totals were calculated, with underlying timesheets, back pay statements, and

11

emails. (ECF Nos. 8; 11; 18; 20). There is no bona fide dispute about the payments undermining plaintiffs' entitlement to trebling under the statute.

Following a review and some modification of their damages sought based on the Court's request, plaintiffs make the following individual damage requests, which include treble damages for Maryland plaintiffs and double for New York plaintiff: Amato, $35,163.00; Boswell, $97,781.25; Finke, $101,945.73; Fleishell, $76,593.03; Hatfield, $73,713.00; James, $23,082.75;  Matz, $37,444.50; McQuaid, $55,197.00; M. Moore, $58,531.92; S. Moore, $95,352.00; Munford, $93,000.00; Reddy, $16960.50.  (ECF Nos. 11-2, 2; 20-11; 18-4, 1; 18-7, 1; 20-6, 1-2).  The adjusted total damages requested are $764,764.68.  The Court finds that these damages are supported by the plaintiffs' affidavits and accompanying documentation.

As noted <u>supra</u>, however, the New York plaintiff has not demonstrated an entitlement to double damages under the NYWPS. As such, New York plaintiff (Mr. Reddy) is entitled to only $8480.25, rather than $16,960.50.  The Court therefore recommends that damages be awarded in the full amount claimed, $764,764.68, minus $8480.25, for a final total of $756,284.43.

## V.   **Attorney's Fees**

As plaintiffs note, the FLSA provides that a court "shall,

in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. §216(b). As prevailing parties, plaintiffs allege they are entitled to legal costs and attorney's fees relating to this matter. (ECF No. 11-2, 2). Plaintiffs have submitted billing and time records supporting their claim. (ECF No. 11-2). According to these records, plaintiffs' counsel, Gregg C. Greenberg, worked for 27.80 hours at a rate of $190.00, for a total of $5,282.00. (Id.).

This rate falls within the high range of this Court's guidelines for hourly rates for a lawyers of 0-5 years of experience. See Local Rules, App. B(3)(d). Mr. Greenberg had five years of experience when he worked on the case in 2012, so a rate in the higher reaches of this range is appropriate here. (ECF No. 11, 5). Accordingly, the undersigned finds that attorney's fees of $5,282.00 are reasonable and due and recommends that they be awarded to plaintiffs.

## VI. **Costs**

Plaintiffs seek costs totaling $440.00, and have provided an itemized list of costs associated with the case. (ECF No. 11-2, 1-2). The undersigned finds the costs reasonable and recommends that plaintiffs be awarded costs totaling $440.00.

## VII. <u>Conclusion</u>

For the reasons set forth above, the undersigned recommends that:

1. The Court GRANT plaintiffs' motion for Default Judgment. (ECF No. 8).

2. The Court award plaintiffs $756,284.43 in damages, jointly and severally, and attorney's fees and costs of $5,722.00.


Date: __8/22/13_____            _____/s/_____
                                   Susan K. Gauvey
                                   United States Magistrate Judge